Dear Ms. Wells:
You have are requested a clarification of Attorney General Opinion Nos. 00-21 and 00-321, both of which address the provisions of Article VII, Section 18(G) of the Louisiana Constitution of 1974. This constitutional amendment was added by Act 1491 of the 1997 Regular Session of the Louisiana Legislature, and approved by the electorate on October 3, 1998. Act 1491 provides for an effective date of January 1, 2000.
The amendment establishes a Special Assessment Level (SAL) for those individuals who qualify. The SAL, once established, cannot be increased as a result of reassessment as long as the property and owner(s) remain eligible. Section 18(G) provides, in pertinent part, the following:
 (G)(1) Special Assessment Level.
 (a)(i) The assessment of residential property receiving the homestead exemption which is owned and occupied by any person or persons sixty-five years of age or older and who meet all of the other requirements of this Section shall not be increased above the total assessment of that property for the first year that the owner qualifies for and receives the special assessment level.
The sole issued presented for clarification involves the assessed value to be used for purposes of arriving at the SAL. Complicating this process is Article VII, Section 18(F) which provides:
 (F) Reappraisal. All property subject to taxation shall be reappraised and valued in accordance with this Section at intervals of not more than four years.
As you are aware, the reappraisal called for in the above quoted provision occurred in this year 2000.
You explain that some of the State's assessors are calculating the SAL on the assessed value of residential property appearing on the tax rollsprior to the constitutionally mandated reappraisal and revaluation. Others are calculating the SAL on the assessed value of residential property appearing on the tax rolls after reappraisal and revaluation.
Attorney General Opinion No. 00-21 held the following with regard to the assessed value to be used for calculating the SAL:
 Please note that this amendment went into effect on January, 2000. As such, January 1, 2000 is the date to be used in valuing the property. That is, this special assessment level pertains to the value of the property at hand as of January 1, 2000. (Emphasis added.)
Attorney General Opinion No. 00-321, with respect to this issue, concluded as follows:
As previously noted, the effective date of the Section 18(G) is January 1, 2000. Accordingly, the assessed value of the property upon which the SAL is to be based is that value appearing on the tax assessment rolls asof January 1, 2000. In accord is Attorney General Opinion No. 00-21. (Emphasis added.)
As noted above, the effective date of the SAL amendment is January 1, 2000. The verbage "value of the property at hand as of January 1, 2000" in Opinion No. 00-21, and "value appearing on the tax assessment rolls as of January 1, 2000" in Opinion No. 00-321 refers to the assessed value of residential property prior to the constitutionally mandated reappraisal and revaluation.
Accordingly, it is the opinion of this office that the assessed value of residential property prior to the reappraisal and revaluation in year 2000 is the correct valuation for purposes of calculating the SAL.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ____________________________ ROBERT E. HARROUN, III Assistant Attorney General
 By: ____________________________ TINA VICARI GRANT Assistant Attorney General
RPI/REH,3/sfj